IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED LAYOUT TECHNOLOGIES, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>PRECISION STEEL SYSTEMS, LLC, and NICHOLAS DONNER<br><br>            Defendants. | Case No. 4:20-cv-03127-JMG-MDN |

## STIPULATED PROTECTIVE ORDER

This action involves the production or disclosure of confidential, sensitive or proprietary business, technical or personal information. The Parties, Automated Layout Technologies, LLC ("ALT"), and Precision Steel Systems, LLC and Nicholas Donner (together "PSS") therefore seek a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure limiting the disclosure of information. It is hereby stipulated by the Parties and **ORDERED** as follows:

1. **Scope.** This Protective Order shall govern the production or disclosure of "Protected Material" by a party, non-party or their respective agents ("Furnishing Party") to another party ("Receiving Party") in this litigation.

    A. Protected Material shall encompass all documents or information, regardless of the medium or manner in which they are generated, stored or maintained, (including, among other things, testimony transcripts and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, and that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with this Protective Order.

    B. Protected Material shall not encompass: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

1

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Furnishing Party.

2.  **Designations.**  Any Furnishing Party may designate Protected Material by stamping the legend "<u>CONFIDENTIAL</u>" or "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" on each page of the document or information or by otherwise conspicuously indicating the appropriate designation on the document or information prior to production or disclosure to a Receiving Party.

   A.   "<u>CONFIDENTIAL</u>" Information or Items shall mean information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, discovery responses, deposition or trial testimony, or the factual knowledge of persons, and which has been so designated by the Producing Party.  Any CONFIDENTIAL information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

   B.   "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" Information or Items shall mean extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a

substantial risk of serious harm that could not be avoided by less restrictive means. This information includes marketing, financial, sales, web traffic, research and development, strategic plans and other commercially sensitive information, including information obtained from a Non-Party pursuant to a current non-disclosure agreement.

3. **Limitations on Designations.** Each Furnishing Party must take care to limit the designation of Protected Material to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expense and burdens on other parties) may expose the Furnishing Party to sanctions.

4. **Improper Designations.** If a Furnishing Party becomes aware that documents or information designated Protected Material do not qualify for protection, the Furnishing Party must promptly notify all Parties that it is withdrawing the designation.

5. **Inadvertent Failure to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Furnishing Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6. **Access to and Use of Protected Material.** A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures access is limited to persons authorized under this Protective Order. A Receiving Party may use Protected Material that is disclosed or produced by a Furnishing Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

    A.    Unless otherwise ordered by the Court or permitted in writing by the Furnishing Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

    i.    The outside attorneys of record in this action, and their employees or contractors (such as photocopy services, translation services or litigation support services) who are assisting them in this action;

    ii.    Individuals who have been retained by a party or its counsel to serve as an expert witness or consultant in this action ("Experts"), and who have been disclosed pursuant to Paragraph 8 below, provided that each Expert first executes an "Acknowledgement" attached as Exhibit A;

    iii.    The author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

    iv.    The Court and persons associated with or employed by the Court whose duties require access to the information;

    v.    The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

    vi.    Graphics services, design services, jury consulting services (including mock jurors) retained by the parties or counsel who first execute an "Acknowledgement" attached as Exhibit A.

    vii. Two (2) officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    viii. During a deposition, witnesses in the action to whom disclosure is reasonably necessary and who have executed an "Acknowledgement" attached as Exhibit A, unless otherwise agreed by the Furnishing Party or ordered by the Court;

  B. Unless otherwise ordered by the Court or permitted in writing by the Furnishing Party, a Receiving Party may disclose Protected Material designated "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" only to the individuals identified in paragraphs 6.A.i. - 6.A.vi.

  C. If any Protected Material is discussed or quoted at any deposition, all persons other than qualified persons as designated in paragraph 6.A. and 6.B shall be excluded from such portion of the deposition.

  7. **<u>Challenging A Confidentiality Designation.</u>**  Any Receiving Party may challenge a designation of Protected Material at any time.  Unless a prompt challenge to a Furnishing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation of Protected Material by electing not to mount a challenge promptly after the original designation is disclosed.

  A. The Receiving Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 14 days of the date of service of notice. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Furnishing Party an opportunity to review the designated Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Furnishing Party is unwilling to participate in the meet and confer process in a timely manner.

  B. If the Parties cannot resolve a challenge without court intervention, the Receiving Party shall file and serve a motion challenging the confidentiality. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Furnishing Party's designation until the court rules on the challenge.

  8. **Disclosure of Experts.** If any Receiving Party desires to give, show, make available or communicate any Protected Material to any Expert retained by that party or its counsel, that party or its counsel must first identify the Expert by providing a written notice to the Furnishing Party which: (a) sets forth the full name of the Expert and the city and state of his or her primary residence; (b) attaches a copy of the Expert's resume or curriculum vitae; (c) identifies the Expert's current employer(s); (d) identifies each person or entity from whom the

expert has received compensation or funding for work in his or her area of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years; and (e) identifies by name, case number, filing date and court location, any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

        A.     A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the Protected Material to the identified Expert unless, within 14 days of delivering the request, the party receives a written objection from the Furnishing Party which sets forth in detail the grounds on which the objection is based.

        B.     A party that receives a timely written objection must meet and confer with the Furnishing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Furnishing Party for its refusal to approve the disclosure.  The party opposing disclosure to the Expert shall bear the

burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

9. **Restricted Access.** To the extent any Party wishes to file any documents, including exhibits, with the Court containing Protected Material, a Receiving Party shall take all steps reasonably necessary to maintain the confidentiality of the Protected Material of a Furnishing Party. Such steps may include, but are not limited to, minimizing the inclusion of Protected Material in documents where the Protected Material is not reasonably necessary in relation to the subject matter of the filing, filing the document under this Court's restricted access procedures, or seal where restricted access is unavailable and sealing is authorized without a court order, or filing a well-supported motion to seal documents containing Protected Material consistent with the Local Rules of the Court and any Individual Practices or Standing Orders of the presiding judge. A Receiving Party's willful failure to provide an adequate basis for filing a Furnishing Party's Protected Material under seal, which results in Furnishing Party's Protected Material being filed publicly, may expose the Receiving Party to sanctions. If service of such documents is not automated and substantially contemporaneous, counsel will be required to serve copies of all sealed filings on opposing counsel via e-mail or hand delivery on the same day such documents are filed. The parties agree that all attorneys that have entered an appearance in this case shall have remote, electronic access to documents filed under seal pursuant to this protective order.

10. **Protected Material Subpoenaed or Ordered Produced in Another Litigation.** If a party is served with a subpoena or court order issued in another litigation that compels disclosure of any Protected Material, that party must: (i) promptly notify in writing the

Furnishing Party (such notification shall include a copy of the subpoena or court order); (ii) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification shall include a copy of this Protective Order); and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the Furnishing Party whose Protected Material may be affected.

      A.    If the Furnishing Party seeks a protective order, the party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the party has obtained the Furnishing Party's permission.

      B.    Nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    **<u>A Non-Party's Protected Material Sought to be Produced in This Litigation.</u>** The terms of this Protective Order are applicable to Protected Material produced by a non-party in this action. Nothing in this Protective Order should be construed as prohibiting a non-party from seeking additional protections.

      A.    In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

        i.      Promptly notify the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

        ii.      Promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        iii.      Make the information requested available for inspection by the non-party.

      B.      If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.

      12.      **<u>Inadvertent Production or Disclosure of Privileged Information.</u>** The inadvertent production of any document claimed to be privileged or subject to the work-product doctrine shall not constitute a waiver of such privilege or protection. When a Furnishing Party gives notice to a Receiving Party that certain inadvertently produced documents or information are subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. If data or information have been extracted from documents or information which are subsequently reclassified under this paragraph, to the extent possible and where necessary, the extracted information or data will be expunged promptly and not used. However, to the extent that, prior

to being notified of the inadvertent production of privileged documents or information, the Receiving Party uses in good faith such information or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter, any such documents filed with the Court or the transcript of any such deposition.

13. **Unauthorized Disclosure of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Furnishing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute an "Acknowledgement" attached as Exhibit A.

14. **Term.** The Parties agree the terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action. Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms of this Protective Order shall destroy or return to the Furnishing Party all Protected Material, except that undersigned counsel may retain one archival copy of court filings and correspondence, and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Protected Material which will otherwise remain subject to this Protective Order.

15. **Source Code.** The parties do not anticipate the production of source code will be necessary to the prosecution or defense of this case. Nothing in this Protective Order shall

prevent the Parties from modifying this Protective Order at any future date to account for the production of source code.

16. **Further Protection.** Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

17. **No Waiver or Admission.** Nothing in this Protective Order shall prejudice in any way the rights of a Furnishing Party to object to the production of information on any other grounds, including but not limited to, grounds of irrelevance or privilege. The disclosure of a document or its production for inspection in this action shall not constitute an admission of its authenticity or of its admissibility in this litigation.

18. **Advice of Counsel.** Nothing in this Protective Order shall bar or otherwise restrict any outside counsel of record for the parties from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Material, provided that no disclosure of the substance of any such information shall be made except to persons permitted access to Protected Materials as provided in this Protective Order.

19. **Agreement to be Bound.** Each of the Parties named above and their counsel of record undertake to abide by and be bound by these provisions and to use due care to see that these provisions are known and adhered to by those under its supervision or control.

Respectfully submitted on this 11th day of February, 2021 by:

/s/ Craig R. Smith
William V. Bergstrom (DC Bar 241,500)
**HILGERS GABEN PLLC**
575 Fallbrook Blvd., Suite 202
Lincoln, NE 68521
Tel: 402-218-2106
Fax: 402-413-1880
Email: wbergstrom@hilgersgraben.com

and

Craig R. Smith (Mass. BBO No. 636,723)
Eric P. Carnevale (Mass. BBO No. 677,210)
**LANDO & ANASTASI, LLP**
60 State Street – 23rd Floor
Boston, MA 02109
Tel: (617) 395-7000
Fax: (617)-395-7070
Email: csmith@lalaw.com
ecarnevale@lalaw.com

*Attorneys for Plaintiff*

*Automated Layout Technologies, LLC*

/s/ Richard P. Jeffries
Richard P. Jeffries (#20089)
Nathan D. Clark (#25857)
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, LLP**
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE 68144
Tel: (402) 397-1700
Email: rickjeffries@clinewilliams.com
nclark@clinewilliams.com

*Attorneys for Defendants*
*Precision Steel Systems, LLC and*
*Nicholas Donner*

**SO ORDERED**, this the 11th day of February, 2021.

Michael D. Nelson
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGEMENT**

The undersigned acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for the District of Nebraska in the above-captioned action, understands its terms, and agrees:

1. That (s)he shall abide fully by the terms of the Protective Order;

2. That (s)he shall not disclose Protected Material to, or discuss Protected Material with, any person who is not authorized pursuant to the terms of the Protective Order to receive and disclose the same;

3. That (s)he shall not use Protected Material for any purpose other than the prosecution or defense of this litigation; and

4. That (s)he will be subject to the jurisdiction of the United States District Court for the District of Nebraska for the purposes of the compliance with, and sanction for noncompliance with, the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Signed: _____

Printed Name: _____

Date: _____