IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED LAYOUT TECHNOLOGIES, LLC, | |
| Plaintiff and counterdefendant, | 4:20-CV-3127 |
| vs. | ORDER |
| PRECISION STEEL SYSTEMS and NICHOLAS DONNER, | |
| Defendants and counterclaimants. | |

This matter is before the Court on the plaintiff's objection (filing 62) to the Magistrate Judge's order (filing 61) granting the defendants' motion to stay (filing 40) and staying this intellectual property dispute pending the U.S. Patent and Trademark Office's *ex parte* reexamination of the patent that the plaintiff claims the defendant is infringing. The Court may reconsider the Magistrate Judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). Because the Magistrate Judge's ruling here was neither, the Court will overrule the defendant's objection.

The plaintiff first argues that the Magistrate Judge improperly shifted the burden of proof to it to oppose the stay. Filing 62 at 9-11. But the Court is unpersuaded by the plaintiff's construction of the Magistrate Judge's order. The plaintiff asserts that the burden-shifting is "evident" because the Magistrate Judge said little about whether the defendants met their burden of demonstrating the propriety of a stay, and instead discussed all the plaintiff's

arguments in detail. *See* filing 62 at 10. It's hard for the Court to see how it's a *bad* thing that the Magistrate Judge discussed all of the plaintiff's arguments in detail.[1] And contrary to the plaintiff's suggestion, the Magistrate Judge's order carefully explained the advantages to be found in staying the case. *See* filing 61 at 7-8.

The plaintiff also argues that the Magistrate Judge committed clear error in opining that the parties' patent dispute "will be significantly, if not conclusively, impacted by the reexamination proceedings." Filing 62 at 11 (quoting filing 61 at 9). The plaintiff points out that not all the allegedly infringed claims of the patent are subject to reexamination, and that the defendants could still argue invalidity to this Court even if the USPTO rejects their arguments on *ex parte* reexamination. Filing 62 at 11-12.

To begin with, that assumes the plaintiff will prevail before the USPTO. But fair enough—the plaintiff is entitled to show confidence in its patent. Even then, the Magistrate Judge fully weighed the advantages and disadvantages of a stay, even considering the possibility that some patent claims, or all of them, would remain intact after review. *See* filing 61 at 9. The plaintiff's argument fails to acknowledge the Magistrate Judge's reasoning.

The Court recognizes that reasonable people might disagree about whether the benefits of staying this case outweigh the costs. But case progression is squarely in the Magistrate Judge's lane, and the Magistrate Judge carefully considered all the appropriate factors in deciding that this case, under these circumstances, should be stayed. The Magistrate Judge's order was neither clearly erroneous nor contrary to law. Accordingly,

---

[1] As a matter of judicial opinion-writing, it's not at all uncommon for a court to discuss the losing party's arguments more thoroughly, in order to show that each argument was fully and fairly considered before its proponent was ruled against.

IT IS ORDERED that the plaintiff's objection (filing 62) is overruled.

Dated this 7th day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge