IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED LAYOUT TECHNOLOGIES, LLC, | |
| Plaintiff/Counter-Defendant, | 4:20CV3127 |
| vs. | ORDER |
| PRECISION STEEL SYSTEMS, LLC, and NICHOLAS DONNER, | |
| Defendants/Counter-Claimants. | |

This matter is before the Court on the Motion to Lift Stay (Filing No. 74) filed by the plaintiff, Automated Layout Technologies, LLC ("ALT"). Defendants, Precision Steel Systems, LLC ("PSS"), and Nicholas Donner ("Donner"), oppose the motion and request that this case remain stayed pending the completion of a third reexamination. (Filing No. 75). The Court will grant the motion and lift the stay of this case.

ALT was awarded United States Patent No. 10,576,588 ("the '588 patent") for what ALT asserts is a novel idea for a fully-automated computer numerical control ("CNC") marking machine ("the Lightning Rail") for drawing layouts of metalworking projects. (Filing No. 1 at p. 1). ALT alleges that after Donner observed the Lightning Rail at a trade show in April 2018, he incorporated PSS for the purpose of advertising and selling a "knock-off" Lightning Rail. ALT alleges PSS attempted to mislead potential customers into believing PSS's product was associated with ALT and the Lightning Rail by incorporating into its website meta-tags using ALT's trademarks. ALT filed this action against Donner and PSS on October 30, 2020, for (1) infringement of Claim 1 of the '588 patent; (2) infringement of U.S. Trademark Registration No. 5,777,163 for the mark Lightning Rail; (3) infringement of ALT's rights in its unregistered trademarks; (4) unfair competition and false or deceptive advertising under federal and state law; and (5) common law trademark infringement. (Filing No. 1). The defendants deny ALT's allegations and filed a counterclaim alleging the '588 patent is invalid "because it describes a common industrial tool that didn't invent anything." The counterclaim further alleges that ALT did not cite certain prior art in conjunction with the application for the '588 patent, and that examination of the prior art shows the '588 patent's subject matter is ineligible for patent. (Filing No. 64).

On February 25, 2021, PSS filed a request with the U.S. Patent and Trademark Office ("USPTO") for Ex Parte Reexamination of claims 1-19 and 22 of the '588 Patent, pursuant to 35 U.S.C. § 302 based on the defendants' discovery of prior art, which the defendants allege creates questions of patentability. On May 6, 2021, this Court granted the defendants' motion to stay these proceedings pending the reexamination of the '588 patent after finding ALT's claim for patent infringement and the defendants' counterclaim for invalidity would be "significantly, if not conclusively, impacted by the reexamination proceedings." (Filing No. 61).

On June 2, 2021, PSS filed a second ex parte reexamination request of claims 20-21 of the '588 Patent, which the USPTO granted on July 2, 2021. On July 23, 2021, the USPTO rejected claims 1-10, 14-19, and 22 as obvious; noted the first reexamination request failed to raise substantial questions of patentability as to claims 20 and 21; and confirmed claims 11-13. On August 25, 2021, the USPTO merged the first and second reexaminations into one, and issued a superseding office action rejecting claims 1-10 and 14-22 as obvious and confirming claims 11-13.

On August 30, 2021, PSS filed a third reexamination request after the USPTO indicated that claims 11-13 were patentable over the prior art previously submitted by PSS. On September 21, 2021, ALT filed a response to the rejection of claims 1-10 and 14-22, amending independent claim 1 and adding new independent apparatus claim 23 and dependent claims 24-26. On October 19, 2021, the USPTO granted PSS' third reexamination request concerning claims 11-13, which remains pending. (Filing No. 74-1 at pp. 1-2; Filing No. 75 at pp. 1-3; Filing No. 77).[1]

On January 18, 2022, the USPTO issued a Rexamination Certificate regarding the first two merged reexaminations. (Filing No. 74-3). The USPTO determined that: claims 1 and 2 are patentable as amended; the patentability of claims 11-13 is confirmed; claims 3-10 and 14-22, dependent on an amended claim, are patentable; and new claims 23-26 are patentable. (Filing No. 74-1 at p. 4). ALT now moves to lift the stay because the reexamination procedure that served as the basis of the stay has concluded, and the relevant factors no longer support the stay. (Filing No. 74-1). The defendants assert the stay should remain in place pending the conclusion of the third reexamination, which the defendants say ALT has delayed by filing a motion for reconsideration. (Filing No. 75 at p. 4).

---

[1] See also, USPTO's "Public PAIR" website, available at https://portal.uspto.gov/pair/PublicPair, accessible with the following reexamination control numbers: 90/014,684; 90/014,763; and 90/014,845.

After review, the Court finds the balance of factors no longer weighs in favor of a stay. The majority of the reexamination proceedings regarding the '588 patent, which served as the basis of the Court's stay, are concluded. This case has now been stayed for a year while the USPTO completed two reexaminations of the '588 patent. The USPTO considered numerous prior art references and dozens of substantial new questions of patentability, and after two reexaminations determined that: claims 1 and 2 are patentable as amended; the patentability of claims 11-13 is confirmed; claims 3-10 and 14-22, dependent on an amended claim, are patentable; and new claims 23-26 are patentable. The third reexamination only pertains to claims 11-13 of the '588 patent—the patentability of which the USPTO confirmed in its January 18, 2022, Certificate. Regardless of whether the patentability of claims 11-13 is again confirmed, which ALT asserts is likely given the reexamination history thus far, the outcome of that reexamination will not significantly affect the parties' ability to begin discovery and start litigating the merits of this case. Because the majority of the reexamination proceedings related to the '588 patent have been concluded, and because the third reexamination pertains only to three claims that the USPTO already confirmed were patentable, the Court finds the stay of this case should be lifted. See *Clinton v. Jones*, 520 U.S. 681 (1997) (stating the court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Lift Stay (Filing No. 74) is granted, and the stay of this case is lifted.
2. On or before **June 13, 2022**, the parties shall meet and confer and file an Amended Rule 26(f) Report.

Dated this 12th day of May, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge