IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED LAYOUT TECHNOLOGY, LLC, <br><br> Plaintiff/Counter Defendant, <br><br> vs. <br><br> PRECISION STEEL SYSTEMS, LLC, and NICHOLAS DONNER, <br><br> Defendants/Counter Claimants. | 4:20CV3127 <br><br> ORDER |

This matter is before the Court on the Motion for Leave to File Second Amended Complaint and Amend Case Progression Order (Filing No. 107) filed by the plaintiff, Automated Layout Technologies, LLC ("ALT"). ALT seeks leave to file a second amended complaint to add a recently issued patent that covers Precision Steel Systems, LLC's ("PSS") alleged redesign of the accused product. The defendants, PSS and Nicholas Donner ("Donner"), oppose the motion, asserting ALT was not diligent in pursuing the amendment. (Filing No. 112). For the following reasons, the Court will grant the motion.

BACKGROUND

ALT commenced this action against the defendants on October 30, 2020, alleging claims for patent infringement and infringement of trademark rights. (Filing No. 1). After the defendants filed an answer, the Court entered its first Case Progression Order on December 30, 2020, permitting discovery to commence. (Filing No. 23). Not long afterwards, on March 4, 2021, the defendants moved to stay these proceedings pending the U.S. Patent and Trademark Office's ("USPTO") reexamination of the patent at issue in ALT's Complaint, United States Patent No. 10,576,588 ("the '588 patent"). (Filing No. 40). The Court granted the defendants' motion to stay on May 6, 2021. (Filing No. 61).

During the stay, the USPTO completed two reexaminations of the '588 patent and determined that claims 1 and 2 were patentable as amended; the patentability of claims 11-13 was confirmed; claims 3-10 and 14-22, dependent on an amended claim, were patentable; and

new claims 23-26 were patentable. On May 12, 2022, the Court granted (Filing No. 79) ALT's motion to lift the stay of this case over the defendants' objection,[1] and issued a new Case Progression Order on June 13, 2022, (Filing No. 83), in accordance with dates jointly selected by the parties in their amended Rule 26(f) Report (Filing No. 81). The Court's progression order set July 22, 2022, as the deadline for parties to move to amend pleadings; May 12, 2023, as the deadline to complete fact discovery and depositions; June 23 and July 21, 2023, as the deadlines to complete expert disclosures; August 18, 2023, as the deadline to complete expert discovery; and September 15, 2023, as the deadline for filing dispositive motions. (Filing No. 83).

On June 22, 2022, ALT filed an unopposed motion for leave to file a First Amended Complaint to conform the pleadings to the claims resulting from the reexaminations, which amendment was contemplated by the parties' Rule 26(f) Report. (Filing No. 81 at p. 6; Filing No. 84). The Court granted ALT's motion to amend on June 23, 2022, (Filing No. 85), and ALT filed its First Amended Complaint on the same date. (Filing No. 86). The defendants filed an answer and counterclaim on July 7, 2022. (Filing No. 89). ALT thereafter filed a motion to dismiss the counterclaim, which motion remains pending. (Filing No. 90). On August 8, 2022, the defendants filed a motion for summary judgment on all of ALT's claims. (Filing No. 93). ALT has moved the Court to deny the motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (Filing No. 98).

On September 26, 2022, ALT filed the instant motion for leave to file a Second Amended Complaint. (Filing No. 107). ALT states that on August 30, 2022, the USPTO issued a new patent in the family of the '588 patent. The new patent, U.S. Patent No. 11,426,826 ("the '826 patent"), names the same inventors as the '588 patent and claims priority to the '588 patent. ALT alleges the defendants infringe the '826 patent with their redesign of the accused product, the PLS-624. ALT seeks to file a second amended complaint containing its original claims regarding the '588 patent and to add claims for infringement as to the '826 patent from PSS's redesigned product. ALT asserts that the substantive changes between ALT's First Amended Complaint and Second Amended Complaint is the assertion of the '826 patent and addition of a second count for infringement based on the '826 patent. These changes include:

- New Exhibit B (the '826 Patent);

---

[1] The defendants objected to lifting the stay because a third reexamination pertaining to claims 11-13 of the '588 patent remained pending. On November 15, 2022, the USPTO concluded the third reexamination and confirmed the patentability of claims 11-13 with no amendments. (Filing No. 119).

- New Exhibit E (an updated copy of PSS's website accessed on September 8, 2022);
- New Exhibit H (Notice of Intent to Issue Ex Parte Reexamination Certificate);
- Insertion of four photographs from PSS purporting to show the new redesign of the PLS-624;
- Insertion of a photograph from PSS's website on September 8, 2022, which ALT understands to show the new redesign of the PLS-624;
- Status update concerning the third reexamination challenging the patentability of claims 11-13 to indicate that the Patent Office issued a Notice of Intent to Issue Ex Parte Reexamination Certificate dated September 20, 2022, confirming claims 11-13 without amendment;
- Re-lettering other exhibits to account for adding new Exhibits B, E, and H; and
- Re-numbering paragraphs to maintain sequential numbering.

(Filing No. 108 at pp. 3-5).   ALT contends it would be more efficient for the parties and the Court to consolidate both patents and both versions of the PLS-624 (the original design and the redesign) into this single, pre-existing litigation.  ALT maintains that filing the Second Amended Complaint is the most efficient means to resolve the parties' disputes because (1) the '588 patent and the '826 patent are related; (2) the products are related in that the original design and the redesign are versions of the same product; (3) ALT could not have asserted the '826 patent in its First Amended Complaint because the patent had not yet been issued; (4) ALT does not seek changes to the current fact or expert discovery deadlines; and (5) filing a new complaint would result in duplicative efforts at increased cost to the parties and the Court.

The defendants do not dispute that the '588 patent and the '826 patent and accused products are related or otherwise argue that the additional substantive claims proposed by ALT's second amended complaint would be inappropriately joined with ALT's original claims. Instead, the defendants oppose ALT's motion because ALT was not diligent in pursing the amendment. Although the defendants recognize the new '826 patent was not issued until August 30, 2022, they maintain that ALT knew of the possibility that the new patent would be issued prior to the expiration of the deadline to amend pleadings.  Specifically, the defendants contend ALT was not diligent in meeting the July 22, 2022, amendment deadline because (1) ALT did not advise the Court or the defendants of the pending patent application in the parties' amended Rule 26(f) Report (filed on June 8, 2022) and (2) ALT did not advise the Court or the defendants that during a July 5, 2022, interview with a patent examiner, "the patent examiner made suggested modifications to the claim language that would result in issuance of the patent,"

3

and ALT agreed to those changes "knowing then that the patent would be issuing." (Filing No. 112 at pp. 2-3).

## ANALYSIS

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). Additionally, when a party seeks leave to amend under Rule 15(a) outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). Good cause to amend a complaint after the deadline has passed "may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Id.* at 1100 (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). The court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). *Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011). And, the district court has "broad discretion in establishing and enforcing" scheduling orders; a district court's "rulings on discovery and pretrial orders are reviewed for 'clear and prejudicial abuse of discretion.'" *Shipp v. Murphy*, 9 F.4th 694, 702 (8th Cir. 2021) (internal citations omitted).

As stated above, the defendants oppose ALT's motion because ALT has not shown the requisite diligence demonstrating good cause for the late amendment. (Filing No. 112). After review, the Court finds ALT has demonstrated good cause justifying filing its motion to amend two months after the case progression order's deadline expired. The operative case progression order filed on June 13, 2022, set July 22, 2022, as the deadline for parties to move to amend pleadings. At the time the parties selected the July 2022 amendment deadline, ALT anticipated amending its complaint to conform the pleadings to the claims resulting from the

4

reexaminations of the '588 patent. The defendants assert that ALT also should have known that it would eventually be amending its complaint to add claims regarding the '826 patent and formulated progression deadlines accordingly. But, ALT filed the application for the '826 patent on October 29, 2020, one day prior to even filing the instant lawsuit. (Filing No. 108-1 at p. 58). And, ALT's application for the '826 patent was *rejected* on May 2, 2022. (Filing No. 113-1 at p. 2). The Court can hardly fault ALT for formulating a progression order in June 2022 in a manner that did not contemplate the imminent issuance of the '826 patent under these circumstances. The defendants also point to ALT's interview with a patent examiner on July 5, 2022, wherein the patent examiner made suggested modifications to the claim language that would result in issuance of the patent, and the USPTO's Notice of Allowance dated July 20, 2022, notifying ALT that its application would be allowed for issuance as a patent. While these events certainly made the eventual issuance of the '826 patent more certain, the Court still finds ALT acted appropriately in waiting to seek to amend its pleading until the patent was actually issued. See *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) ("Patent rights are created only upon the formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance."). The '826 patent was actually issued on August 30, 2022, and the Court finds ALT acted diligently in seeking to amend its pleading after the patent was issued. Within two weeks after the patent was issued, ALT drafted and provided a copy of its proposed second amended complaint to defense counsel for review. On September 19, defense counsel indicated the defendants opposed ALT filing the amended pleading, and ALT drafted and filed the instant motion one week later on September 26. (Filing No. 107; Filing No. 108). Under the circumstances, the Court finds ALT acted diligently in pursuing the amendment regarding the '826 patent and has demonstrated good cause for the untimely amendment.

The defendants maintain they would be prejudiced by the amendment because ALT's delay caused the progression order to become "unworkable" and because the defendants have filed a motion for summary judgment. But, the progression order sets May 12, 2023, as the deadline to complete fact discovery and depositions, expert disclosures are not due until the summer of 2023, and the deadline for filing dispositive motions is set for September 15, 2023. If anything, it was the defendants' choice to file a motion for summary judgment two months after the Court entered the progression order and more than a year before the dispositive motion deadline that has caused the progression order to become "unworkable." Additionally, although

5

the defendants characterize ALT's motion as coming at a "late stage" in these proceedings, this case is still in its fairly early stages due to the year-long stay of litigation pending the reexamination proceedings and due to the parties' motion practice. The Court lifted the stay of this case in May 2022, entered a new case progression order in June 2022, and ALT sought leave to amend in September 2022. The defendants have not demonstrated undue prejudice from ALT's two-month delay between the July 2022 amendment deadline and the motion filed in September 2022. True, the Court will need to set some new deadlines, such as deadlines for serving initial infringement and noninfringement and invalidity contentions as to the '826 patent. But the remaining deadlines in the progression order are not necessarily unworkable, especially considering that the claim construction proceeding deadlines are currently stayed and would need to be reset anyway after resolution of the pending motions. (Filing No. 118).

In sum, the Court agrees with ALT that it would be more efficient for the parties and the Court to handle the related patents and related products in the same case, and that the interests of judicial economy, efficiency, and fairness weigh in favor of permitting ALT to join its claims regarding the '826 patent to this litigation. The defendants' position would result two separate litigations with overlapping subject matter proceeding at unequal paces. The defendants' anticipated request to the USPTO for *ex parte* reexamination of the '826 patent and anticipated motion to stay litigation pending such reexamination are speculative, and given the favorable outcome of the reexamination proceedings regarding the '588 patent, the Court may not be inclined to grant another motion to stay litigation if reexamination is ordered. Under the circumstances, the Court finds judicial economy favors litigating all claims regarding the related '826 and '588 patents together. Accordingly,

**IT IS ORDERED:**
1. Plaintiff's Motion for Leave to File Second Amended Complaint and Amend Case Progression Order ([Filing No. 107](#)) is granted.
2. Plaintiff shall file the Second Amended Complaint on or before December 27, 2022.

Dated this 13th day of December, 2022.

                                              BY THE COURT:

                                              s/ Michael D. Nelson
                                              United States Magistrate Judge