IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED LAYOUT TECHNOLOGY, LLC,<br><br>Plaintiff/Counter Defendant,<br><br>vs.<br><br>PRECISION STEEL SYSTEMS, LLC, DONNER STEEL WORKS, INC., and NICHOLAS DONNER,<br><br>Defendants/Counter Claimants. | 4:20CV3127<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Enforce Discovery Sanctions Against Defendants (Filing No. 256) filed by Plaintiff, Automated Layout Technologies, LLC ("ALT"). ALT requests an Order to enforce the "self-executing sanction" of exclusion under Rule 37(c)(1) of the Federal Rules of Civil Procedure against Defendants Precision Steel Systems, LLC ("PSS"), Donner Steel Works, Inc. ("DSW"), and Nicholas Donner ("Mr. Donner"). Specifically, ALT requests an order excluding "damages evidence that PSS provided to its expert witness [Matthew Stadler] but withheld from ALT in fact discovery," namely, "Exhibit 3 to Mr. Stadler's rebuttal report including the information and calculations contained within it" as well as "Mr. Stadler's expert opinions that rely on Exhibit 3." (Filing No. 256 at pp. 2-3). ALT contends Defendants "sandbagged" ALT by providing incorrect financial statements to be utilized by ALT's damages expert, Landan J. Ansell, and then after ALT timely served Mr. Ansell's expert report on May 30, 2024, Defendants provided their own expert, Mr. Stadler, with corrected financial information (Exhibit 3). Exhibit 3 was not provided to ALT until July 1, 2024, when Defendants served ALT with Mr. Stadler's rebuttal expert report. (Filing No. 257 at pp. 3, 11; Filing No. 263 at p. 8). Defendants have now moved to exclude Mr. Ansell's expert report, in part because he "blindly relied on incomplete (and therefore incorrect) financial statements." (Filing No. 252 at p. 24).

Defendants admit that the financial statements they provided to ALT on May 24, 2024, "appear to have inadvertently misallocated costs among DSW and PSS according to which entity incurred those costs . . ." and that Exhibit 3 to Mr. Stadler's expert report "corrects this inadvertent misallocation of costs and calculates an accurate profit margin for the PLS-624." (Filing No. 263

at pp. 2-3). Defendants acknowledge Exhibit 3 was first "generated" "[w]hen Defendants learned, from [its own expert] Stadler, that clarification of the data contained in the profit and loss statements was necessary to properly demonstrate the costs of producing the PLS-624," and that Exhibit 3 was not provided to ALT until July 1, 2024. (Filing No. 263 at p. 8). Despite Defendants' misallocation of costs in their own records provided to ALT, Defendants contend ALT's expert could have or should have discovered the unreliability of Defendants' financial statements, and that the information contained in Exhibit 3 could have been gleaned from Defendants' written discovery responses. (Filing No. 263 at pp. 6-7). Defendants assert exclusion under Rule 37(c) is not warranted because (1) they did not violate Rule 26(a), as they supplied the information "showing its revenue and costs in answers and in supplemental answers to ALT's Interrogatory Nos. 5 and 6 on February 22, 2021, on March 28, 2023, and on September 11, 2024" and that supplementation of such data and the parties' expert reports is necessary anyway due to the ongoing sales of the PLS-624; (2) failure to disclose was substantially justified or harmless; and (3) if the Court does find Defendants should be sanctioned, it should impose a lesser sanction than exclusion. (Filing No. 263).

The Court held oral argument on the motion on June 30, 2025. (Filing Nos. 326-327). Pursuant to the Court's instructions, ALT filed a supplemental exhibit regarding the costs it incurred in connection with its damages expert. (Filing No. 325). For the following reasons, the Court will grant ALT's motion.

## BACKGROUND

ALT brought this action against the defendants for patent infringement and infringement of trademark rights. ALT alleges the defendants' product, the PLS-624, infringes ALT's product, a computer numerical control ("CNC") marking machine it calls "the Lightning Rail." The Court has entered various progression schedules over the years that this case has been pending, but pertinent to this dispute, set May 12, 2023,[1] as the deadline to complete fact discovery (Filing No. 83) and last set May 30, 2024, as the deadline for parties to complete proponent expert disclosures,

---

[1] The parties disagree as to whether fact discovery indeed closed on this date, as the defendants contend fact discovery remains open as to the '826 Patent in light of the pending motion to dismiss and strike (Filing No. 215). (Filing No. 222).

and July 1, 2024, to complete rebuttal expert disclosures. Per the parties' proposed schedule, the Court did not set a deadline for sur-rebuttal expert disclosures. (Filing No. 237).

During fact discovery, ALT requested, and Defendants produced, documents and deposition testimony related to Defendants' revenue, costs, and profits, which ALT asserts is relevant to the damages that ALT will seek for PSS's patent infringement. ALT's interrogatories sought Defendants' revenue (Interrogatory No. 5) and costs (Interrogatory No. 6) in connection with the PLS-624. ALT also requested "Documents concerning sales of the Accused Product, including sales, pricing, revenue, costs, and other expenditures concerning the Accused Product, financial projections and analyses" (RFP No. 65), to which Defendants' supplemental response identified Bates number documents PSS_002984–PSS_003024. ALT also requested "Documents concerning profits for the Accused Product" (RFP No. 67), to which Defendants initially stated they "have conducted a reasonable search and have no responsive documents," but later supplemented their response to identify Bates number documents PSS_002984–PSS_002985. (Filing No. 260 at pp. 33-36). During Mr. Donner's Rule 30(b)(6) deposition, he testified PSS pays for the costs to assemble a PLS-624 through DSW, and that "[a]ll of our funding has come through DSW" as he is "100 percent" owner of both companies. (Filing No. 260 at p. 22).

ALT engaged Mr. Ansell, CPA, CFF, J.D., to evaluate and provide expert opinions regarding damages from the Defendants' infringement of ALT's patents. (Filing No. 254-2 at p. 4). Leading up to the proponent expert report deadline of May 30, 2024, the parties exchanged updated fact discovery regarding damages; Defendants produced updated Profit & Loss and Balance Sheet documents for both PSS and DSW for the year ending 2023 and current through April 2024 (Bates numbers PSS_006466 to PSS_006474 dated May 15, 2024, served May 24, 2024). (Filing No. 260 at pp. 42-51). ALT maintains that Defendants' documents contained similar numbers for the Cost of Goods Sold and were consistent with Mr. Donner's Rule 30(b)(6) testimony that PSS is provided funding from DSW. (Filing No. 260 at pp. 11-12; Filing No. 257 at p. 3). In accordance with the deadline set by the Court, ALT served Mr. Ansell's proponent expert report regarding damages on May 30, 2024. (Filing No. 254-2). Mr. Ansell relied on a number of filings, depositions, and exhibits, including the financial statements provided by Defendants during fact discovery, and the updated financial statements provided by Defendants on May 24, 2024.

On July 1, 2024, Defendants served Mr. Stadler's expert report to rebut Mr. Ansell's damages opinions. (Filing No. 245). Mr. Stadler did not rely on the cost data reported on Defendants' financial statements previously served upon ALT. Instead, Mr. Stadler observed that "PSS['s] gross profit for 2023 and YTD April 2024 cannot possibly be correct" because "[o]ne cannot manufacture a physical good of this size and function for no cost (YTD 4/30/2024) or at a near-zero cost." (Filing No. 254-4 at p. 7; Filing No. 263 at p. 4). Defendants state their records contained an "inadvertent misallocation of costs" among DSW and PSS according to which entity incurred those costs, rather than according to the "matching principle." Defendants acknowledge that "[a]s a matter of proper accounting, all costs in producing the PLS-624, the allegedly infringing product, should have appeared as costs of goods sold on PSS's books. . . . Instead, some of these costs were absorbed by DSW and appeared on DSW's profit and loss statements." (Filing No. 263 at p. 2). Defendants thereafter created Exhibit 3 to "correct[] this inadvertent misallocation of costs," and provided Exhibit 3 to Mr. Stadler to prepare his rebuttal expert report. (Filing No. 263 at p. 3). ALT was not provided with a copy of Exhibit 3 "correcting" the misallocation of costs until July 1, 2024, when it was served with Mr. Stadler's report. ALT asserts that it had no opportunity to take discovery related to Exhibit 3 and ALT's expert witness was unable to consider it in forming his opinion on damages. Defendants did not serve a proponent report on damages, and no sur-rebuttals were permitted, so ALT and its expert had no opportunity to consider or respond to the previously undisclosed cost data in Exhibit 3.

The following month, Defendants filed a *Daubert* motion to exclude Mr. Ansell from testifying to his expert opinions at trial, in part because he "blindly relied on incomplete (and therefore incorrect) financial statements." (Filing No. 250; Filing No. 252 at p. 24). Defendants are using Exhibit 3 and Mr. Stadler's expert opinions based thereon in support of that motion. ALT has filed the instant motion to enforce the "self-executing sanction" of exclusion under Rule 37(c)(1) as to "Exhibit 3 to Mr. Stadler's rebuttal report including the information and calculations contained within it," as well as "Mr. Stadler's expert opinions that rely on Exhibit 3" due to Defendants' failure to disclose that information under Rule 26(a) and (e).

## ANALYSIS

Rule 26(a) and (e) of the Federal Rules of Civil Procedure provide certain disclosure requirements for parties. The Eighth Circuit has explained, "The disclosure mandates in Rule 26

4

are given teeth by the threat of sanctions in Rule 37." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (citing 8B Charles A. Wright, Arthur R. Miller et al., Federal Practice & Procedure § 2289.1 (3d ed. 2018)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a) [or (e)]." *E&I Glob. Energy Servs., Inc. v. Liberty Mut. Ins. Co.*, 134 F.4th 504, 513 (8th Cir. 2025) (quoting *Vanderberg*, 906 F.3d at 705) ("The advisory committee notes describe this as 'a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion" for sanctions.'") (quoting Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment)). "Under Rule 37(c)(1), exclusion occurs automatically by operation of the rule; the rule permits, but does not require, the imposition of an alternative sanction on a party's motion." *Id.* Still, "exclusion of evidence is a harsh penalty and should be used sparingly." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 645 (8th Cir. 2022). Before excluding evidence, the Court must consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* at 644-45. Even if a disclosure is inadequate, the complaining party must articulate how it was (or will be) prejudiced by the late disclosure. *Wallace v. Pharma Medica Rsch., Inc.*, 78 F.4th 402, 409 (8th Cir. 2023).

The Court finds Defendants' failure to timely disclose correct financial statements, and specifically, Exhibit 3, constituted a failure to "provide information . . . as required by Rule 26(a) or (e)" that was not substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1). "'[J]ustification'" under Rule 37(c)(1) "goes to whether the party seeking to avoid a sanction knew of or could have discovered the evidence prior to the disclosure deadline." *Petrone v. Werner Enters., Inc.*, No. 8:11CV401, 2023 WL 144225, at *10 (D. Neb. Jan. 10, 2023), *aff'd*, 105 F.4th 1043 (8th Cir. 2024) (citing *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 891 (8th Cir. 2015)). "The question of "harmlessness" goes to whether the opposing party is prejudiced by the late disclosure or lack of disclosure." *Id.* (citing *Vanderberg*, 906 F.3d at 704).

Throughout discovery, ALT requested Defendants' cost and profit information to calculate reasonable royalty damages. One method for calculating a reasonable royalty is to "focus[] on the

5

infringer's projections of profit for the infringing product." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Defendants' cost and profit data are necessary for that calculation. (Filing No. 257 at p. 6). Leading up to the deadline for ALT to disclose its proponent expert on damages, Defendants supplied ALT with financial statements for that purpose, including updated financial statements on May 24, 2024. ALT's proponent expert deadline was May 30, 2024, and its expert, Mr. Ansell, relied on those financial statements, together with Defendants' original financial statements provided during fact discovery, and Mr. Donner's Rule 30(b)(6) deposition when rendering his opinions. (Filing No. 254-2 at p. 41; Filing No. 257 at p. 9). ALT states these documents and testimony contained similar numbers for the Cost of Goods Sold and were consistent with Mr. Donner's testimony that DSW provides funding to PSS. (Filing No. 260 at pp. 11-12; Filing No. 257 at p. 3). Defendants admit that the financial statements they provided to ALT in discovery, and as late as the week before ALT's deadline to disclose experts, "appear to have inadvertently misallocated costs among DSW and PSS according to which entity incurred those costs." Defendants acknowledge the financial statements they provided to ALT were "facially flawed," and "facially" incorrect," an error which was brought to Defendants' attention through their own expert. (Filing No. 252 at p. 27) (noting Mr. Stadler's report "accounts for additional costs that are not reflected in PSS's profit and loss statements"). Defendants created Exhibit 3 to Mr. Stadler's expert report to "correct[] this inadvertent misallocation of costs and calculate[] an accurate profit margin for the PLS-624." (Filing No. 263 at pp. 2-3). This situation is entirely of Defendants' making due to admittedly inaccurate recordkeeping, and under the circumstances, the Court finds it was not justified. (Filing No. 263 at p. 7) (claiming the error arose because "These are small businesses with a single owner which utilize overlapping facilities and employees."). The failure to disclose was also not harmless. Defendants acknowledge Exhibit 3 was not provided to ALT until July 1, 2024, well after the written discovery and expert deadlines expired. (Filing No. 263 at p. 8). ALT's expert prepared his report in reliance on those flawed financial statements, and Defendants have now moved to exclude his opinion for relying on Defendants' own flawed statements. Defendants in turn are relying on the late-disclosed Exhibit 3 in support of their motion to exclude ALT's expert. Defendants essentially seek to penalize ALT for Defendants' own mistake, which was disclosed too late for ALT to do anything about it.

Next, the Court must decide the most appropriate sanction for this failure to disclose. "Rule 37(c)(1) addresses what to do if a party fails to disclose information as required by Rule 26(a) *and*

6

attempts to use that information on a motion, at a hearing, or at a trial." *Petrone*, 940 F.3d at 435 (emphasis in original). Here, Defendants failed to timely disclose Exhibit 3 containing corrected cost information, and now are attempting to use that information on a motion pending before the Court. Defendants have filed a motion to exclude Mr. Ansell's expert opinion for relying on faulty information—Defendants' own financial statements provided to ALT in discovery—and is using Exhibit 3 and Mr. Stadler's opinions based thereon in support of the motion, bringing it within the ambit of Rule 37(c)(1). See Filing No. 254; *Petrone*, 940 F.3d at 435.

The Court "has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case'" when a party fails to provide information or identify a witness in compliance with Rule 26(a). *Gruttemeyer*, 31 F.4th at 644-45 (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). "A court should consider, among other things, 'the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony.'" *Id.* (quoting *Wegener*, 527 F.3d at 692).

Under the circumstances, the Court finds the above factors weigh in favor of exclusion as to Defendants' motion currently pending before the Court. First, as discussed above, this situation arose due to Defendants' admittedly inaccurate recordkeeping and production of "infirm" and "facially incorrect" financial statements to ALT immediately prior to ALT's expert disclosure deadline. Exhibit 3 correcting the mistake was not produced to ALT until July 1, 2024. See Filing No. 263 at p. 7 (citing Filing No. 254-4 at Ex. 3). Defendants contend exclusion is not warranted because ALT could, and should, supplement Mr. Ansell's report. While the Court agrees that it is likely both sides' experts will need to provide supplemental expert reports going forward, this does not address the prejudice suffered by ALT as to Defendants' current use of Exhibit 3 on their pending motion to exclude Mr. Ansell's opinion. Defendants' cost and profit data are necessary for calculation of reasonable royalty, and Mr. Ansell relied on the data provided to ALT by Defendants to make that calculation. Defendants have moved to exclude Mr. Ansell's expert opinion for relying on the inaccurate documents they provided. See Filing No. 252 at p. 31 ("Because Ansell relies on incorrect data to calculate a royalty rate, Ansell's opinions on a reasonable royalty are unreliable and should be excluded."). Defendants' motion to exclude came the month following their disclosure of Exhibit 3, providing ALT with no opportunity to take discovery related to Exhibit 3. Additionally, given that the Court had not provided the parties with

7

leave to serve sur-rebuttal expert reports, and considering the time, burden, and expense of engaging experts in highly technical patent cases, it would not be as simple as ALT asking its expert to prepare a supplemental report after receipt of Exhibit 3 on July 1, 2024. (See, e.g., Filing No. 325, ALT's expert invoices). After consideration, the Court concludes exclusion of Exhibit 3, and Mr. Stadler's opinions based upon Exhibit 3, as to Defendant's pending motion to exclude at Filing No. 250 is the most appropriate way to alleviate the current prejudice to ALT caused by Defendants' failure to disclose Exhibit 3 prior to the expert disclosure deadline.

To be clear, this sanction of exclusion only applies to Defendants' use of Exhibit 3 and Mr. Stadler's opinions based upon Exhibit 3 as to Defendants' pending *Daubert* motion to exclude ALT's damages expert (Filing No. 250). Should Defendants wish to utilize Exhibit 3 and Mr. Stadler's opinions based thereon on a future motion, hearing, or trial, as discussed during the telephone conference, the parties must formulate an additional written discovery plan regarding expert damages, and to disclose supplemental expert reports. Defendants shall pay ALT's reasonable costs necessary to conduct discovery and for Mr. Ansell to prepare a supplemental expert report necessitated by the untimely disclosure of Exhibit 3. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion to Enforce Discovery Sanctions Against Defendants (Filing No. 256) is granted.
2. Exhibit 3 to Matthew Stadler's rebuttal report, including the information and calculations contained within it, and Mr. Stadler's expert opinions that rely on Exhibit 3, are excluded from the Court's consideration as to Defendants' *Daubert* motion to exclude ALT's damages expert (Filing No. 250).
3. Should Defendants wish to utilize Exhibit 3 and Mr. Stadler's opinions based thereon on a future motion, hearing, or trial, the parties shall meet and confer to propose an additional discovery schedule regarding expert disclosures as to damages as discussed during the telephone conference held on June 30, 2025. Defendants shall pay ALT's reasonable costs necessary to conduct discovery and for Mr. Ansell to prepare a supplemental expert report necessitated by the untimely disclosure of Exhibit 3.

Dated this 8th day of July, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge