IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED LAYOUT TECHNOLOGIES, LLC,<br><br>Plaintiff and counterclaim defendant,<br><br>vs.<br><br>PRECISION STEEL SYSTEMS, LLC, et al.<br><br>Defendants, counterclaimants, and third-party plaintiffs,<br><br>vs.<br><br>STEPHEN LAWRENCE CHASSE and JOHN MICHAEL EVANS,<br><br>Third-party defendants. | 4:20-CV-3127<br><br>MEMORANDUM AND ORDER ON EXPERT TESTIMONY |

The defendants have moved to exclude the expert testimony of the designated expert witnesses, Mark Webster and Landan Ansell, proffered by the plaintiff, Automated Layout Technologies ("ALT"). Filing 250. The Court will grant that motion in part and deny it in part as moot.

## 1. Webster

Webster proposes to opine on ALT's behalf that the defendants' PLS-624 infringes both the '588 and '826 patents. Filing 254-1 at 8.

> Specifically, [the defendants] directly infringe[] claims 1, 4-11, 14-21, and 23-25 of the '588 Patent and claims 1-10, 13-21 of the '826 Patent by making, using, selling, or offering to sell the [the PLS-624]. [The defendants] further indirectly infringe[] at least claims 11-13 of the '588 Patent and claims 1-10, 13-21 of the '826 Patent by inducing or contributing to the infringement of the '588 and '826 Patents by [the defendants'] customers.

Filing 254-1 at 8. Webster also proposes to opine on issues relating to the patents' validity that

> - None of the prior art references identified by the defendants and/or their expert anticipate the '588 and '826 patents.
> - None of the prior art referenced identified by the defendants and/or their expert render the '588 and '826 patents obvious.
> - The defendants have failed to show, by clear and convincing evidence, that the '588 and '826 patents are invalid.
> - The belief of the defendants' expert that the '826 patent is invalid for failure to comply with the written description requirements of 35 U.S.C. § 112 is incorrect.
> - The belief of the defendants' expert that the claims of the '826 patent are not entitled to the priority date of the '588 patent are incorrect.
> - The '588 and '826 patents are valid.
> - The '826 patent is entitled to the priority date of the '588 patent.

Filing 254-3 at 6-7.

The defendants object to Webster's proposed testimony on three grounds:

1) Webster cannot specify what a person of ordinary skill in the art is, so his opinions regarding the perspective of a person of ordinary skill in the art would not be helpful to the trier of fact.
2) His opinions are identical irrespective of claim construction, so he hasn't offered a reliable opinion insofar as the Court adopts claim constructions differing from ALT's.
3) He has not offered the perspective of a person of ordinary skill in the art in opining on infringement under the doctrine of equivalents.

Filing 252 at 2-3. The Court finds merit to each argument.

(a) Person of Ordinary Skill in the Art

First, the Court discussed the deficiency of Webster's understanding of a "person of ordinary skill in the art" in its accompanying memorandum and order on claim construction. ALT's response to that argument is to point out that Webster articulated the correct factors and asserted that "[t]he level of ordinary skill in the art here is experience with metal railing assembly, including layouts and understanding drawings, and [computer numerical control] machine and computer controlled positioning machine experience." Filing 265 at 7-8 (citing filing 254-1 at 17). But as the defendants suggest, "experience" can mean a lot of things. Filing 268 at 2-3. How much experience? What kind of experience? Would simply operating such a machine be enough? The Court agrees with the defendants that Webster's explanation essentially presents a tautology: It's *always* true that "skill in the art" requires "experience." *See* filing 268 at 2. But the real problem is that the inverse *isn't* true: Experience in the art cannot always mean skill. Webster's opinion, however, would imply that it does.

The Court acknowledges that questions of credibility are generally matters for the jury, not the court. *Barry v. DePuy Synthes Cos.*, 164 F.4th 896, 908 (Fed. Cir. 2026) (citing *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015); *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1339 (Fed. Cir. 2025) (en banc); *In re Zoloft Prods. Liab. Litig.*, 858 F.3d 787, 792 (3d Cir. 2017)). But the Court is still obliged to consider whether it is more likely than not that

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court cannot make those findings when an opinion is premised on the perspective of a person of ordinary skill in the art, but the expert is unable to meaningfully articulate that perspective. *See AllVoice Computing PLC v. Nuance Commc'ns, Inc.*, 504 F.3d 1236, 1240 (Fed. Cir. 2007) ("the analysis requires attention to the level of skill assigned to a person of ordinary skill in the art"). Nor can the Court find that an expert reliably applied principles and methods when he articulated those principles—the factors to consider when determining the level of ordinary skill in the art, *see* filing 254-1 at 11—but didn't explain how those factors resulted in his opinion. *See Arason Enters., Inc. v. CabinetBed Inc.*, No. 16-CV-3001, 2019 WL 4597863, at *9 (D. Colo. Sept. 23, 2019) (excluding opinion of expert who "provide[d] no

explanation for his conception" of a person of ordinary skill in the art).

ALT also suggests that the defendants' expert opinion testimony suffers from the same infirmity. But the defendants' expert explained his view of a person of ordinary skill in the art far more fulsomely:

> The inventions claimed in the Asserted Patents relate to the field of mechanical engineering. Based on my education, knowledge, and experience, and applying the above factors, it is my opinion that a [person of ordinary skill in the art] would have an undergraduate degree in mechanical engineering or a closely related field. Additionally, a [person of ordinary skill in the art] would have about two years of experience designing [computer numerical] controlled equipment, either in industry or academia. Alternatively, a [person of ordinary skill in the art] could have about five years of experience designing and developing machinery that utilizes [computer numerical control] systems in industry, without a traditional four-year undergraduate engineering degree. I am of the opinion that this level of skill in the art would be necessary for a [person of ordinary skill in the art] to understand the unique needs in the manufacturing and fabrication industry and how to design products to meet those needs and perform in a robust manner in real world industrial conditions and workplaces.

Filing 267-2 at 70. The difference between that opinion and Webster's is clear.

(b) Claim Construction

In an accompanying memorandum and order, the Court explained its rationale for adopting many of the defendants' contentions regarding claim

construction, particularly in concluding that means-plus-function construction was required for many of the claim limitations. Webster testified at his deposition that his opinions wouldn't change if the Court adopted means-plus-function constructions. *See* filing 254-1 at 19; filing 254-5 at 197. But he provided no explanation for how that could be the case, nor did either of his expert reports expand on that possibility. *See* filing 254-1; filing 254-3; filing 254-5 at 197.

ALT has no meaningful response to this argument. *See* filing 265 at 17-19. ALT simply asserts that somehow, the defendants' admitted infringement of the '826 patent obviates the problem, but the Court cannot see how that would salvage Webster's opinion on anything else.

ALT also tries to construe Webster's testimony in a way that it simply doesn't support: When asked about the effect on his opinion of a construction of the '588 patent that excluded a "marker" as an "ink dispenser,"[1] Webster said, "I mean, I know the defendant admits that their design includes an ink dispenser and a marking device, so I don't know that it would make any difference. I would have to — I would have to take a look at that more closely." Filing 265 at 18 (citing filing 254-5 at 112). ALT says that means "Webster can opine that the patents are infringed because [the defendants] admitted that [their] device includes an 'ink dispenser', 'marking device' and 'marker.'" Filing 265 at 18.

That kind of hand-waving might work on certain NFL sidelines in the autumn, but it doesn't help here: What Webster clearly said was that he didn't know whether his opinion would be the same. And he said that consistently: When asked whether it mattered which claim constructions the Court adopted,

---

[1] Which the Court's construction does, as explained in the accompanying memorandum and order on claim construction.

Webster said he "assume[d] it would." Filing 254-5 at 109-10. When asked whether adopting the defendants' constructions would potentially affect the outcome of the case, Webster said he didn't "have an opinion" because it was something he hadn't "really focused on." Filing 254-5 at 110-11.

ALT complains that a rule excluding Webster "would require that all experts opining on at least infringement be excluded from testifying whenever a court adopts a construction not proposed by the parties." Filing 265 at 19. But it's well-understood that expert opinion which contradicts the court's claim construction is not helpful to the jury and, hence, should be excluded as unreliable under Rule 702(a). *Barry*, 164 F.4th at 903. Whether an expert's opinion contradicts the Court's claim construction—and is, therefore, inadmissible—is squarely within the court's gatekeeping function. *Id*. at 909.

Of course, the evidentiary requirement of reliability is lower than the merits standard of correctness. *Id*. But when the Court finds a genuine contradiction between the expert's opinion and the Court's claim construction, the Court must exclude the expert's opinion. *Id*. The Court finds more than "mere tension, arguable inconsistency, or lack of persuasiveness" here. *See id*. Some of Webster's opinions are premised on a construction of the claims that the Court has expressly rejected. *See, e.g.,* filing 254-3 at 36, 60. On other matters, as excerpted above, he apparently no longer has an opinion.

The only issue before the Court today is whether Webster's proffered opinions are admissible. And to the extent that they are specifically premised on claim constructions other than those adopted by the Court, they are not. In particular, because questions relating to validity and infringement *necessarily* depend on claim construction—and the Court doesn't read ALT's brief as suggesting otherwise, *see* filing 265 at 17-19—Webster's admitted failure to consider the premise of means-plus-function constructions necessarily

undermines his opinions relating to the limitations of "adjustors," "ink dispenser," and "marking device" (as construed in the accompanying memorandum and order on claim construction).

(c) Doctrine of Equivalents

Finally, the defendants argue with respect to Webster's opinions regarding the doctrine of equivalents that he did not opine on the perspective of a person of ordinary skill in the art. Filing 252 at 19-20. ALT's response to that argument is the same as above: ALT contends that

> [t]he level of ordinary skill in the art does not change whether examining literal infringement or infringement under the doctrine of equivalents. Mr. Webster set forth his opinion on the level of skill in the art and applied that definition to his entire analysis. He was not required to repeat it.

Filing 265 at 12. But, as the defendants point out, ALT seems to have misunderstood their argument. *See* filing 268 at 7.

The problem here isn't whether Webster sufficiently articulated what a person of ordinary skill in the art is. (That was a problem above, but it's not here.) The problem is that proving infringement under the doctrine of equivalents requires evidence to be presented from the perspective of someone skilled in the art. *See NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 119 F.4th 1355, 1371 (Fed. Cir. 2024), *cert. denied,* 145 S. Ct. 2794, 222 L. Ed. 2d 1087 (2025). To offer a reliable opinion about infringement under the doctrine of equivalents, then, Webster had to articulate his understanding and application of that standard on this issue. *See id*. ALT, despite the defendants' clear challenge to that requirement, has not shown the Court where he did.

(d) Conclusion

Accordingly, the Court will grant the defendants' motion in the following respects:

1) Webster's opinions offered from the perspective of a person of ordinary skill in the art are inadmissible.
2) Webster's opinions relating to the limitations of "adjustors," "ink dispenser," and "marking device" are inadmissible.
3) Webster's opinions relating to infringement under the doctrine of equivalents are inadmissible.

2. ANSELL

For reasons that will be explained in an accompanying memorandum and order, the Court will grant the defendants' motion for summary judgment on ALT's infringement claims. Accordingly, the defendants' motion to exclude testimony from ALT's damages expert is moot, and will be denied as such.

3. CONCLUSION

Similarly, the defendants' objection (filing 332) to the Magistrate Judge's sanctions order (filing 328) sought to revisit the exclusion of testimony relating to infringement damages, and the assessment of costs related to additional discovery on damages. *See* filing 332 at 2. Those issues are also moot.

IT IS ORDERED:

1. The defendants' motion to exclude (filing 250) is granted in part and denied in part as moot, as set forth above.

2. The defendants' objection (filing 332) to the Magistrate Judge's sanctions order (filing 328) is overruled as moot.

Dated this 2nd day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge