IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUTOMATED LAYOUT TECHNOLOGIES, LLC,

Plaintiff and counterclaim defendant,

vs.

PRECISION STEEL SYSTEMS, LLC, et al.

Defendants, counterclaimants, and third-party plaintiffs,

vs.

STEPHEN LAWRENCE CHASSE and JOHN MICHAEL EVANS,

Third-party defendants.

4:20-CV-3127

MEMORANDUM AND ORDER ON SUMMARY JUDGMENT

This matter is before the Court on the parties' cross-motions for summary judgment. Filing 274; filing 298. For the reasons explained below, the Court will grant the defendants' motion for summary judgment in part, and will deny the plaintiff's motion.

## I. BACKGROUND

This case involves machinery used in the fabrication of commercial metal handrails and railings. Filing 124 at 1. The plaintiff, Automated Layout

Technologies ("ALT"), alleges that its machine—the "Lightning Rail"—was the first of its kind to fully automate the process for "laying out" handrail designs onto metal work surfaces, making it more accurate and expeditious than the typical process, which required workers to manually draw designs onto the work surface using markers and tape measures. Filing 124 at 4.

Traditionally, before fabrication can begin, workers "manually lay out the design for a handrail" using "markers, tape measures, squares and compasses." Filing 124 at 4. However, this process takes several hours and is prone to human error. Filing 124 at 4. To improve these issues, ALT created the Lightning Rail—a "fully-automated [computer numerical control] marking machine" that "dramatically reduce[s] the amount of time that workers have to spend laying out their designs prior to fabrication." Filing 124 at 1,4. In layman's terms, the Lightning Rail "uses a digital layout created using modern computer assisted drawing technology and then prints the layout onto the work surface with near perfect accuracy," allowing "a greater proportion of a worker's time [to] be devoted to fabrication." See filing 124 at 4.

The Lightning Rail is covered by U.S. Patent No. 10,576,588 (the "'588 patent"), which was officially issued by the U.S. Patent and Trademark Office ("PTO") on March 3, 2020, and amended on reexamination. Filing 124 at 5; *see* filing 296 at 1.[1] According to ALT, the machine is also covered by U.S. Patent No. 11,426,826 (the "'826 patent"), which was officially issued by the PTO on

---

[1] Pursuant to NECivR 56.1, a party moving for summary judgment must include in its brief a statement of material facts about which the movant contends there is no dispute, and the party opposing summary judgment must include in its brief a concise response to that statement of facts, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1)(B).

August 30, 2022, and which ALT claims is a valid continuation of the '588 patent, entitled to its priority date of September 5, 2017 (the filing date of the '588 patent application). *See* filing 296 at 2.

The defendants, Precision Steel Systems, Nicholas Donner, and Donner's eponymous company, Donner Steel Works, are accused of violating those patents with their product, the PLS-624. *See* filing 124; filing 296 at 2. ALT alleges that the original design of the PLS-624 infringes the '588 patent, and that both the original design and a redesigned PLS-624 infringe the '826 patent. Filing 124; filing 296 at 2. The defendants dispute those claims, and affirmatively allege that the two patents are invalid. Filing 212.

## II. STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify the portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Torgerson*, 643 F.3d at 1042. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.*

In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## III. DISCUSSION

The defendants move for summary judgment dismissing ALT's claims and in favor of their counterclaims for declaratory judgment, *see* filing 274, while ALT moves for partial summary judgment with respect to the alleged infringement of the '826 patent, *see* filing 298.

### 1. Defendants' Motion

The defendants move for summary judgment on a number of grounds. The Court focuses on the two grounds that are dispositive: (a) The exclusion of opinion testimony from ALT's expert witness, Mark Webster, and (b) the Court's conclusion that the '826 patent isn't entitled to the '588 patent's priority date and, accordingly, was anticipated by the PLS-624.

#### (a) Expert Testimony

The defendants' first argument is that they are entitled to summary judgment if the Court grants their motion to exclude the opinion testimony of Mark Webster. Filing 297 at 4. For the reasons stated in the accompanying memorandum and order on expert testimony, the Court has substantially

granted that motion. As a result, ALT lacks viable expert testimony on most if not all of the issues presented regarding infringement and validity.

Expert testimony may or may not be required in a patent case. *See, e.g.*, *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1127 (Fed. Cir. 2019). But when the technology is complex and beyond the comprehension of laypersons, expert testimony is sometimes essential. *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369 (Fed. Cir. 2004). The technology here is complex: Even Webster acknowledged that ordinary skill in the art required at least some experience with metal railing assembly, including layouts and understanding drawings, and [computer numerical control] machine and computer controlled positioning machine experience." Filing 254-1 at 17. The Court does not understand ALT to be disputing the complexity of the technology. *See* filing 208 at 29-31.

Rather, ALT offers three arguments in response to the defendants' argument that summary judgment is warranted by the exclusion of ALT's expert. The first is that summary judgment is inappropriate where the non-movant can meet its burden of proof without expert testimony. Filing 208 at 29. But the case ALT relies on, *Sci. Applications Int'l Corp. v. United States*, 169 Fed. Cl. 643, 724 (2024), holds that "summary judgment of infringement is not automatically required if an *accused infringer* does not proffer *rebuttal* expert testimony." (Emphasis supplied.) Stated more broadly, *Sci. Applications* actually stands for the unremarkable proposition that a party with the burden of proof may, in cases involving complex technology, be unable to meet that burden without expert testimony. *See id.*

And on the issue of infringement, "the burden remains with the patentee to prove infringement, not on the defendant to disprove it." *Id.*; *see also Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 127 F.4th 348, 356 (Fed. Cir. 2025)

(patentee alleging infringement bears the initial burden of proving infringement). When the art is complex, where the accused infringer offers expert testimony negating infringement, the patentee cannot satisfy its burden of proof by relying only on testimony from those who are admittedly not expert in the field. *Shopify Inc. v. Express Mobile, Inc.*, No. 2024-1977, 2025 WL 3511442, at *6 (Fed. Cir. Dec. 8, 2025).

The only arguments ALT offers with respect to its burden to prove infringement are (1) that the defendants have admitted infringement of the '826 patent and (2) because the '588 patent and '826 patent share "many identical claim terms . . . a reasonable jury could find that [the defendants'] admissions in the '826 Patent also apply to the '588 Patent." Filing 308. As to the first contention—infringement of the '826 patent—that claim for relief will be dealt with below. As to the second, it's simply unpersuasive. Infringement requires proof that the accused device practices each and every limitation set forth in a claim. *See V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005). If even one claim limitation is missing or not met, there is no literal infringement. *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005). So, even if "many" terms are identical, considering the Court's claim constructions, that doesn't mean they all are.

ALT fares better on questions of invalidity, because there, the alleged infringer bears the ultimate burden of persuasion to prove invalidity by clear and convincing evidence, as well as the initial burden of going forward with evidence to support its invalidity allegation. *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1399 (Fed. Cir. 2022). That presumption of validity is the form taken by deference to the decisions of the PTO, which the Court must consider in determining whether the party asserting invalidity has met its statutory burden. *See Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*,

879 F.3d 1332, 1341 (Fed. Cir. 2018). Accordingly, on questions of invalidity, the Court agrees with ALT that it can stand on that presumption, because the trier of fact need not be persuaded by the defendants' expert testimony, even if ALT does not respond with its own expert.

(b) Priority Date of '826 Patent

Under 35 U.S.C. § 102(a)(1), "[a] person shall be entitled to a patent unless . . . the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." Whether a prior art reference anticipates a patent claim is a question of fact. *TriMed, Inc. v. Stryker Corp.,* 608 F.3d 1333, 1343 (Fed. Cir. 2010).

Invalidity by anticipation requires that the four corners of a single prior art document describe every element of the claimed invention, either expressly or inherently. *Id.* Given this standard, it is widely accepted that a product which would literally infringe if later in time anticipates if earlier. *Upsher-Smith Lab'ys, Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005).

A continuation application's entitlement to a filing date does not extend to subject matter which is not disclosed, but would be obvious over what is expressly disclosed. *PowerOasis, Inc., v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008). Likewise, a patent is not presumed to support "variants" of a claim that are not described in the written description. *See Anascape, Ltd. v. Nintendo of Am. Inc.*, 601 F.3d 1333, 13359 (Fed. Cir. 2010). Thus, it is "not a question of whether one skilled in the art *might* be able to construct the patentee's [later] device from the teachings of the [prior] disclosure," but instead, a question whether the missing matter is necessarily present in "the original application's specification such that one skilled in the art would recognize such a disclosure." *PowerOasis*, 522 F.3d at 1306 (cleaned up).

The Court's claim constructions are largely dispositive of this issue. As the Court has construed the '588 patent, it doesn't disclose a "marker" or "marking device." The word "marker" generally encompasses "something used for marking: such as a type of felt tip pen that makes wide lines.". *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/marker (last visited Sept. 2, 2026). The "ink dispenser" found in the '588 patent, as construed by the Court, does not encompass such a marker. *See PowerOasis*, 522 F.3d at 1308. And it is not sufficient that a written description, when combined with knowledge in the art, would lead one to speculate as to modifications the inventor might have envisioned, but failed to disclose. *See Anascape*, 601 F.3d at 1335.

ALT's arguments to the contrary are not persuasive. ALT points, again, to the PTO's reexamination determination, which the Court finds unpersuasive for the reasons explained in the Court's claim construction order. ALT also contends that the priority date analysis requires a claim-by-claim analysis, and that several claims of the '826 patent don't require a "marking device." *See* filing 308 at 15 (citing *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1334 (Fed. Cir. 2004)). But as the defendants point out, independent claims #1 and #10 of the '826 patent do claim a "marking device," while independent claim #15 claims an "ink dispenser" which may include a "marker" per dependent claim #16. That necessarily makes the "ink dispenser" in the '826 patent broader than the similar term found in the '588 patent, as explained in the Court's claim construction order.

ALT does not appear to dispute that if the '826 patent is not entitled to the '588 patent's priority date, then the '826 patent is anticipated by the PLS-624 as prior art. As a result, the '826 patent is invalid. *See, e.g.*, *Schering Corp. v. Geneva Pharms.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003).

### 2. Plaintiff's Motion

As a result of the foregoing analysis, ALT's motion for summary judgment on its '826 patent infringement claim will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the defendants' motion for summary judgment in part, dismissing ALT's claims for infringement of the '588 and '826 patents. The Court will also grant the defendants' motion for summary judgment as to the invalidity of the '826 patent. The Court will correspondingly deny ALT's motion for summary judgment on its '826 patent infringement claim. What remains for trial, as the Court understands it, is the validity of the '588 patent, on which the Court finds genuine issues of material fact precluding judgment as a matter of law.

IT IS ORDERED:

1. The defendants' motion for summary judgment (filing 274) is granted in part.

2. ALT's claims for patent infringement are dismissed.

3. ALT's motion for summary judgment (filing 298) is denied.

Dated this 2nd day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge