IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUTOMATED LAYOUT TECHNOLOGIES, LLC,

Plaintiff and counterclaim defendant,

vs.

PRECISION STEEL SYSTEMS, LLC, et al.

Defendants and counterclaimants,

vs.

STEPHEN LAWRENCE CHASSE and JOHN MICHAEL EVANS,

Counterclaim defendants.

4:20-CV-3127

MEMORANDUM AND ORDER ON MOTION TO DISMISS

The background of this case is summarized in several accompanying memoranda and orders. Here, the defendants have asserted a counterclaim for "inequitable conduct and unclean hands," based on the counterclaim defendants' alleged conduct in the proceedings before the Patent and Trademark Office leading to the issuance of the '826 patent. Filing 212 at 27-34. The counterclaim defendants have moved to dismiss the counterclaim, and the plaintiff has moved to strike allegedly new invalidity contentions asserted by the defendants. Filing 215. The Court will grant the motion to dismiss, and deny the motion to strike.

INEQUITABLE CONDUCT AND UNCLEAN HANDS

A court may find unclean hands when the misconduct of a party seeking relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication. *Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1094 (Fed. Cir. 2024). The related inequitable conduct doctrine evolved to embrace a broader scope of misconduct, including not only egregious affirmative acts of misconduct intended to deceive both the PTO and the courts but also the mere nondisclosure of information to the PTO. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) Inequitable conduct also diverged from the doctrine of unclean hands by adopting a different and more potent remedy—unenforceability of the entire patent rather than mere dismissal of the instant suit. *Id.*

Accordingly, inequitable conduct has become a defense to patent infringement that, if proved, bars enforcement of a patent. *Luv n' Care*, 98 F.4th at 1096; *Therasense*, 649 F.3d at 1285. Because inequitable conduct renders an entire patent unenforceable, as a general rule, this doctrine should only be applied in instances where the misconduct resulted in the unfair benefit of receiving an unwarranted claim. *Therasense*, 649 F.3d at 1292.

To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO. The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence. If the accused infringer meets its burden, then the district court must weigh the equities to determine whether the applicant's conduct before the PTO warrants rendering the entire patent unenforceable. *Id.* at 1287; *see Glob. Tubing LLC*

*v. Tenaris Coiled Tubes LLC*, 167 F.4th 1357, 1370 (Fed. Cir. 2026); *Luv n' Care,* 98 F.4th at 1096.

Intent and materiality are separate requirements. Moreover, a district court may not infer intent solely from materiality. Instead, a court must weigh the evidence of intent to deceive independent of its analysis of materiality. Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive. *Therasense*, 649 F.3d at 1290. Rather, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference. In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it. *Id.*

Given that, a charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss only if the asserting party's complaint recites facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO. *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011). A finding that the misrepresentation or omission amounts to gross negligence or negligence under a "should have known" standard does not satisfy this intent requirement. *Therasense*, 649 F.3d at 1290.

Furthermore, the materiality required to establish inequitable conduct is generally but-for materiality. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art. Hence, in assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference.

*Id.* at 1291–92 (Fed. Cir. 2011); *see also Glob. Tubing,* 167 F.4th at 1370. The only exception is in cases of affirmative egregious misconduct—when the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material. *Therasense*, 649 F.3d at 1292; *see also Luv n' Care*, 98 F.4th at 1097.

Given those propositions, the deficiencies of the defendants' inequitable conduct claim are clear. To begin with, the defendants neither pled a specific intent to deceive, nor any facts from which such an intent can be inferred. Rather, the defendants simply assert that the certification of the '826 patent as a continuation application was "dubious" because the '588 patent didn't include a "marking device," and a "marking device" is broader than an "ink dispenser." *See* filing 212 at 27. The defendants also claim information was withheld because the PLS-624 was not disclosed. *See* filing 212 at 29. But even if the belief that the PLS-624 wasn't prior art was in error (as explained in an accompanying memorandum and order), withholding that information wasn't material because the PTO was aware of the PLS-624 before the '826 patent issued. *See* filing 227 at 9. The defendants don't respond to that argument.

In summary, the Court finds that the defendants' counterclaim fails to state a claim for inequitable conduct. In addition, the defendants' counterclaim has effectively been mooted because the available relief—the invalidity of the '826 patent—has been established in an accompanying memorandum and order. The Court will grant the motion to dismiss.

## Invalidity Contentions

Finally, ALT moves to strike what it characterizes as new invalidity contentions filed as filing 212-3. Filing 215 at 2. The Court finds that at this point, that request is moot—ALT has now known for some time what the defendants' contentions are.

IT IS ORDERED:

1. The motion to dismiss (filing 215) is granted.

2. The defendants' inequitable conduct claim is dismissed.

3. The motion to strike is denied.

Dated this 2nd day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge